## 10166

### SOTILLE v. STOKES. ·

#### (98 S. E. 334.)

1. SALES—BREACH OF CONTRACT—MEASURE OF DAMAGES.—Where defendant purchased a defective automobile on the agreement of the seller to repair same, and the seller sues for the price, the buyer is entitled to a deduction of the cost of repairs which the seller failed to make.

2. DAMAGES—LOSS OF PROFITS—SPECULATIVE PROFITS.—There can be no recovery for lost profits for interference with business, where such profits are entirely speculative.

Before WHALEY, County Judge, Richland, June term, 1918. Reversed.

Action by Santo Sotille, doing business as the Sotille-Cadillac Company, against A. M. Stokes. From a verdict and judgment for the defendant, plaintiff appeals.

*Messrs. Nettles & Tobias,* for appellant, cite: *As to the proper rule for estimating damages for the deprivation of the use of the automobile involved in this case:* 81 S. C. 181 (1908); 69 N. Y. 589; 69 Am. Dec. 718 (1858); 77 S. C. 182; 82 S. C. 468 (1908); 50 N. E. 58; 155 N. Y. 446 (1898); 45 N. Y. 462; 41 S. E. (W. Va.) 911 (1902); 2 Ind. (2 Carter) 597 (1851); 5 App. D. C. 524; 48 Mich. 428; 12 N. W. 640 (1882); 91 Mich. 156; 30 Am. S. 466 (1892); 37 Pac. 51 (1894); 36 Barb. (N. Y.) 36 (1861); 51 N. W. (Ia.) 250 (1892); 20 Howd. Prac. (N. Y.) 102 (1860); 130 U. S. 620 (1889); 1 Pa. St. 165 (1865). *As to his Honor, the presiding Judge, refusing plaintiff's motion for a nonsuit as to the counterclaim based upon an alleged breach of warranty;* 9 S. C. L. (2 Mills) 413 (1818); 15 S. C. 93 (1880). *As to verdict not being in accord with the instructions of the Court, and without evidence to support it:* 82 S. C. 468 (1908); 66 S. C. 61 (1902); 102 S. C. 141.

*Mr. James S. Verner,* for respondent, cites: *On whole case:* 60 S. C. 9; 107 S. C. 387; 98 S. C. 121; 83 S. C. 58;

89 S. C. 134; 90 S. C. 425; 81 S. C. 181; 102 S. C. 130; 80
S. C. 292; 3d Strob. 64, 71; 106 S. C. 133; 102 S. C. 295;
101 S. C. 462.   *As to his Honor's submitting to the jury the
question of failure of consideration as to the notes:* 40 S. C.
110; 27 S. C. 621; 105 S. C. 144; 101 S. C. 463.

February 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This is an action by the plaintiff to recover judgment on
three promissory notes, aggregating $500, given for the
credit portion of the purchase money of a Cadillac automo-
bile.   The defendant set up that the automobile was unfit
for use, and asked a rescission of the contract of sale and
damages for a breach of warranty.   At the trial the defend-
ant was required to elect as to whether he would rely on
rescission or breach of warranty, and he elected to rely on
breach of warranty.   At the close of the testimony, the
plaintiff moved for a nonsuit as to breach of warranty.   This
motion was refused.   The jury found the following ver-
dict: "We find for the defendant five hundred ($500)
dollars."

Under the instruction of the Court, that canceled the
notes, gave the automobile to the defendant, and a judg-
ment against the plaintiff for $500.   The Court reduced the
verdict to $150.

There is no dispute as to the cardinal facts of the case.
There was a charge of fraud in the answer, but there was no
evidence to sustain it.   Indeed the defendant said on the
witness stand: "Q. You do not think Mr. Smith (the sales
agent) tried to deceive you, do you?   A. I do not think so."

The Court calls attention of litigants to a too free use of
the charges of fraud.   Fraud should not be charged, unless
there is proof of fraud, and not even then, unless fraud is
necessary to a just decision of the cause.

In this case the defendant said:

"I was going to buy a car. I went round, and he had this car. I asked him what he wanted for it, and he said he wanted $1,000 for it, and so we talked it over a little bit and took it out and tried it, and it would not pull. It skipped and was going on; you know how they do. *He said the car was not in good shape to sell, and it would have to be overhauled thoroughly;* it needed new blocks and pistons. And we brought it back to the shop and left it there. He said he could get it ready in about ten days or two weeks for me. I told him 'All right,' and he required me to put up $100. Smith said the car needed overhauling. The car had been used a lot, and it needed a general overhauling. He said for $1,000 he would put the car in first-class condition."

Smith, the sales agent for the plaintiff, said: "Stokes and I tested the power of the car. It was very bad. * * * I told him I would put it in good condition. I agreed to get those parts and put them into the car and turn it over to him, running properly and working as it should."

So it seems that the parties, after inspection, agreed upon the purchase and sale of a defective car, and the defendant relied upon a contract to repair the car, and that there was no warranty that it was in good condition. It seems that the car is not yet in good condition.

There are several exceptions, but they need not be discussed separately. The whole case has been tried upon a wrong theory, and in order that justice may be done the case will have to go back for a new trial.

The case of *Thompson v. Sexton,* 15 S. C. 93, is very similar in principle to this case. The rule, as to the measure of damages, is stated on page 96 as follows:

"The testimony shows that the defendant agreed to give a certain price for the gin, knowing at the time of the defect in it, and relied upon the agreement of the plaintiff to have such defect repaired. If the plaintiff failed to do so, then

all that the defendant could require would be to be allowed a discount for so much as such repairs would cost, and the plaintiff would be entitled to judgment for the balance of the price agreed upon, whether that price be larger or smaller than what the jury might believe the article was really worth. Suppose the parties had fixed upon $150 as the value of the gin with the defect repaired, and that the cost of such repairs would be $10, then, according to the contract, the plaintiff would be entitled to recover the difference—$140. But if the jury, as they may have done under the charge of the Judge, substituted their own estimate of the value of the gin for that agreed upon by the parties, and, adopting the views of some of the witnesses, had fixed the value at $50, then the plaintiff could only recover $40."

There is no basis for lost profits in this case. The defendant said he would sometimes take in $100 per week, of which about half was profits, and then he said, "Sometimes there is mighty little net profits to me." The profits were speculative entirely.

The judgment is reversed, and a new trial ordered.